UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ELIJAH DRAYTON,<br><br>                                  Plaintiff,<br><br>        vs.<br><br>MG OIL COMPANY, doing business as Flying J Travel Center; PAM N/A; RANDY WILSON; SHERRY KAHLER; MARIAH MARKS; DARLENE POPE, LYNETTE BECKER a/k/a Betty Love; PAULA CARVER; and DEE N/A,<br><br>                                  Defendants. | 5:26-CV-05039-RAL<br><br><br>OPINION AND ORDER VACATING JUDGMENT OF DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION |

Plaintiff Elijah Drayton filed a pro se lawsuit alleging employment discrimination.[1] Doc. 1. This Court dismissed Drayton's complaint without prejudice for lack of subject-matter jurisdiction and entered a judgment of dismissal without prejudice in favor of defendants. Docs. 7, 8. It appeared to the Court that Drayton's complaint had been filed soon after he submitted an EEOC charge of discrimination, and Drayton did not allege that he had received from the EEOC notice of the right to sue. Doc. 7 at 3. After receiving the Opinion and Order Dismissing Case Without Prejudice for Lack of Subject-Matter Jurisdiction and Judgment of Dismissal Without Prejudice, Drayton filed a motion for leave to file an amended complaint, along with a proposed amended complaint as required by D.S.D. Civ. LR 15.1, clarifying that he in fact received a notice of the right to sue before he commenced this action and that the action was commenced within 90 days after he had received the notice of the right to sue. Docs. 10, 10-2, 10-3.

---

[1] Drayton's complaint alleges discrimination based on disability, race, and retaliation. Doc. 1 at 1, 7.

Here, because Drayton's motion for leave to file an amended complaint was filed after the Court had entered judgment, the Court considers the motion under the standards applicable to motions under Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60(b). "[I]t is well-settled that plaintiffs 'remain free where dismissal orders do not grant leave to amend to seek vacation of the judgment under Rules 59 and 60[b] and offer an amended complaint in place of the dismissed complaint.'" United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 742 (8th Cir. 2014) (alteration in original) (quoting Quartana v. Utterback, 789 F.2d 1297, 1300 (8th Cir. 1986)); see also Eisa v. Tzadik Props., LLC, No. 4:25-CV-04246-ECS, 2026 WL 608298, at *1 (D.S.D. Mar. 4, 2026) (construing a post-judgment proposed amended complaint as a Rule 60(b) motion for relief from final judgment). The United States Court of Appeals for the Eighth Circuit has instructed that "district courts in this circuit have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits[.]" United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 824 (8th Cir. 2009). Leave to amend after judgment may be proper only if "the motion is 'made within a reasonable time,' . . . and the moving party shows 'exceptional circumstances' warranting 'extraordinary relief.'" Ka-Nefer-Nefer, 752 F.3d at 743 (citation omitted).

Here, Drayton's motion was filed promptly after entry of the judgment of dismissal. It is clear from Drayton's motion that he in fact had received a notice of the right to sue before he commenced this lawsuit, although his complaint did not mention this fact or include a copy of the notice of right to sue as an attachment. Compare Doc. 10-3, with Doc. 1. This Court inferred that Drayton's charge of discrimination had been filed only a few days before this lawsuit was commenced based on the date that it was notarized, but that inference was apparently incorrect

2

based on the date that the notice of right to sue was issued. Finally, when this Court dismissed Drayton's complaint for lack of subject-matter jurisdiction, the Court did not give Drayton leave to file an amended complaint to remedy the jurisdictional defect. See Dale v. Weller, 956 F.2d 813, 815 (8th Cir. 1992) (stating that in appropriate circumstances in which the jurisdictional defect is not fatal it is appropriate for the district court to grant leave to amend to cure the subject-matter defect). Federal Rule of Civil Procedure 60(b)(1) gives this Court authority to relieve Drayton from a final judgment for mistake and excusable neglect. Fed. R. Civ. P. 60(b)(1). Because he is proceeding pro se, Drayton's failure to allege that he had received a notice of right to sue appears to be excusable neglect.

Thus, the interests of justice favor granting Drayton relief under Rule 60(b) and vacating the Opinion and Order Dismissing Case Without Prejudice for Lack of Subject-Matter Jurisdiction, Doc. 7, and Judgment of Dismissal Without Prejudice, Doc. 8.[2] Drayton's motion for leave to file an amended complaint, Doc. 10, is granted. The Clerk of Court is directed to file Drayton's proposed First Amended Complaint, Doc. 10-2, along with the attachment, Doc. 10-3.

Along with his motion for leave to file an amended complaint, Drayton filed a motion for leave to proceed in forma pauperis in District Court.[3] Doc. 11. A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma

---

[2] Although the judgment of dismissal was without prejudice, if Drayton files a new lawsuit, it is possible that he might lose his opportunity to test his Title VII claims on their merits because the notice of right to sue was issued more than 90 days ago. See McDonald v. St. Louis Univ., 109 F.4th 1068, 1070 (8th Cir. 2024) (stating that an employee must file suit under Title VII within 90 days after receiving a right-to-sue letter (citing 42 U.S.C. § 2000e-5(f)(1)).

[3] Drayton also filed a motion for leave to proceed in forma pauperis along with his initial complaint. See Doc. 2. When this Court dismissed Drayton's complaint for lack of subject-matter jurisdiction, the Court denied Drayton's initial motion for leave to proceed in forma pauperis as moot. Doc. 7 at 7.

pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

After review of Drayton's financial affidavit, this Court finds that he has sufficient funds to pay the filing fee. See generally Doc. 11. Thus, Drayton's motion for leave to proceed in forma pauperis, Doc. 11, is denied. If Drayton wants to pursue the claims set forth in his amended complaint, he must pay the full $405 civil filing fee within 30 days of the date of this order.

For these reasons, it is

ORDERED that the Opinion and Order Dismissing Case Without Prejudice for Lack of Subject-Matter Jurisdiction, Doc. 7, and Judgment of Dismissal Without Prejudice, Doc. 8, are vacated under Fed. R. Civ. P. 60(b)(1). It is further

ORDERED that Drayton's motion for leave to file an amended complaint, Doc. 10, is granted. The Clerk of Court is directed to file Drayton's proposed First Amended Complaint, Doc. 10-2, along with the attachment, Doc. 10-3. It is finally

ORDERED that Drayton's motion for leave to proceed in forma pauperis in district court, Doc. 11, is denied. Drayton must pay the full civil filing fee of $405 within thirty (30) days of the

date of this Order.  Failure to do so may result in the dismissal of this action for failure to prosecute.

DATED July 9th, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE